**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.   CASE NO:  8:01-cr-72-T-30EAJ

JEFFREY RANDALL VIVERETTE
_____/

## ORDER

The United States Sentencing Commission has promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses in many cases for eligible defendants sentenced on or after November 1, 2007.  The Commission later decided this Amendment should be applied retroactively to defendants sentenced before November 1, 2007.  The Defendant in this case, having been sentenced prior to November 1, 2007, filed a motion *pro se* seeking a reduction of sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 706 and 709 [Dkt. 116].   Additionally, the Defendant filed a motion *pro se* for appointment of counsel [Dkt. 117].

Defendant pled guilty to Counts One and Four of a four count indictment alleging (1) Count One - distributing of five (5) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1); and  (2) Count Four -  possession with the intent to distribute five (5) grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  At sentencing, the Government dismissed Counts Two and Three of the Indictment. The Court sentenced the defendant to a two hundred and thirty-five (235) month term of imprisonment as to each of Counts One

and Four of the indictment with both terms to run concurrently. Furthermore, the defendant is currently serving four (4) life terms of imprisonment with the State of Florida for committing two counts of first degree murder and two counts of attempted first degree murder while on federal bond in this case. The Court ordered that the defendant's federal term of imprisonment run consecutively to the state prison terms of imprisonment.

The Court found the defendant to be a Career Offender. Since the career offender enhancement set the applicable guideline range at 188 - 235 months, the crack cocaine amendment does not reduce the applicable imprisonment range. Persons classified as career offenders are not affected by the lower guidelines. Therefore, a reduction in the Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with USSG §1B1.10. See *United States v. Tingle*, No. 08-1777, 2008 WL 1902055 (8th Cir. May 1, 2008).

IT IS therefore ORDERED and ADJUDGED that:

1. The Defendant's motion for a reduction of sentence [Dkt. 116] is DENIED.

2. Defendant's motion for appointment of counsel [Dkt. 117] is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Defendant: Jeffrey Viverette, #498735,
Taylor Correctional Institution
8629 Hampton Springs Road
Perry, Florida 32348
U.S. Probation
Bureau of Prisons